DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, the State of Ohio, has appealed the grant of judicial release to Defendant, Yavonda Capers, by the Lorain County Court of Common Pleas. We reverse.
On January 1, 1997, Defendant was indicted for attempted murder in violation of R.C. 2923.02(A) and 2903.02(A) and felonious assault in violation of R.C. 2903.11(A)(1) and/or2903.11(A)(2). On July 18, 1997, Defendant pled guilty to both counts. She was sentenced to three years imprisonment for each count with the sentences to run concurrently. Following approximately eight months imprisonment, the trial court suasponte moved for judicial release and ordered the Defendant transported to Lorain County for a hearing on the matter. On August 21, 1998, Defendant was granted judicial release. The State timely appealed and has raised one assignment of error for review.
ASSIGNMENT OF ERROR I
 The trial court erred in granting appellee judicial release in that the trial court failed to make the findings required by R.C. 2929.20(H)(1) and (2).
The State has argued that the trial court erred by granting judicial release to Defendant without making the findings required under R.C. 2929.20(H)(1) and (2). We agree.
Pursuant to R.C. 2929.20(H):
 (1) A court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree, or to an eligible offender who committed an offense contained in Chapter 2925. or 3719. of the Revised Code and for whom there was a presumption under section 2929.13 of the Revised Code in favor of a prison term, unless the court, with reference to factors under section 2929.12 of the
Revised Code, finds both of the following:
 (a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;
 (b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.
 (2) A court that grants a judicial release to an eligible offender under division (H)(1) of this section shall specify on the record both findings required in that division and also shall list all the factors described in that division that were presented at the hearing.
Attempted murder is a first degree felony and felonious assault is a second degree felony. See R.C. 2923.02(E) and R.C. 2903.11(B). Both of these offenses carry the presumption that a prison term is necessary. R.C. 2929.13(D). Therefore, in order to grant judicial release to Defendant, the trial court was required to make the prescribed findings listed above.
While the trial court stated that "[j]udicial release does not demean the seriousness of the offense nor pose any significant risk to the victim or to the community[,]" the trial court failed to state any reasons for this finding. The court also failed to point to any evidence presented at the judicial release hearing which would support this conclusion. Upon review of the record in this case, it is clear that such a release at this point would clearly demean the seriousness of the offense.
This was an extremely violent, wholly unprovoked attack upon the victim, Traci Lumpkin. Upon a mistaken belief that Ms. Lumpkin was involved with Defendant's boyfriend, Defendant followed Ms. Lumpkin home from work and repeatedly rammed into her car. Upon arriving home, Ms. Lumpkin exited her car and was physically attacked by Defendant. Defendant stabbed Ms. Lumpkin repeatedly and then slashed the tires on Ms. Lumpkin's car. Defendant then fled the scene. When the police caught up with Defendant, she immediately and openly bragged that she had stabbed the victim. As a result of the attack, Ms. Lumpkin suffered a punctured lung, several serious injuries to her face and head, and has extensive, painful scarring. In addition to the physical and emotional trauma that resulted from the attack, the victim was unable to work for an extended period of time while she recovered from the attack and has accrued extensive medical bills. The victim was also forced to delay her college education while she recuperated.
In addition to the extenuating facts and circumstances surrounding this violent attack, Defendant's attempts at seeking professional assistance or self-improvement have been very limited. Following her arrest but prior to sentencing, Defendant underwent drug and alcohol counseling and some psychological counseling. She also sought counsel from her minister. However, following imprisonment Defendant has not completed a single course of any type. She has stated that she is interested in obtaining her GED upon her release, but she has not enrolled in the GED courses offered at the prison. Defendant has attributed her lack of participation and completion of these courses to the work schedule imposed upon her at the correctional facility.
While this court acknowledges that Defendant is a first time offender and that she has expressed remorse for her actions, to permit her to be released at this juncture would clearly be in violation of R.C. 2929.20(H).
The State's assignment of error has merit, and the judgment of the trial court granting judicial release is reversed.
Judgment reversed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
LYNN C. SLABY, FOR THE COURT
CARR, J. and WHITMORE, J. CONCUR